IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV243-MU

| | | |
|---|---|---|
| CATHERINE BENNETT, individually, and CATHERINE BENNETT as Administratrix of the Estate of Arthinel Bennett, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | ORDER |
| STONEBRIDGE LIFE INSURANCE COMPANY, | ) ) ) | |
| Defendant. | ) ) | |

This matter is before the court upon Plaintiff's Motion to Remand.  Plaintiff filed this action in the General Court of Justice, Superior Court Division, Anson County on April 19, 2005.  Defendant is a Vermont corporation with its principal place of business in Baltimore Maryland, and Plaintiff is a citizen of North Carolina.  Plaintiff seeks insurance proceeds of $150, 000 from Defendant.

On April 20, 2005 Plaintiff attempted to serve the Defendant Stonebridge Life Insurance Company ("Stonebridge") by certified mail addressed to "Stonebridge Life Insurance Company" at its office located in Plano, Texas.  The summons and complaint were received in the Stonebridge mailroom on April 25, 2005 and forwarded to the legal department.  Plaintiff subsequently served Stonebridge's registered agent for service of process, the North Carolina Commissioner of Insurance, on May 3, 2005, who then forwarded the summons and complaint to Stonebridge.  Stonebridge removed the case to this court on the basis of diversity jurisdiction on

1

May 26, 2005.[1]

Plaintiff seeks remand, arguing that Defendant Stonebridge's removal was untimely, because it was not filed within thirty days of April 20, 2005, the date Plaintiff first attempted service. Sufficiency of service of process for purposes of fixing the thirty day time limit for removal is determined according to state law. Murphy Bros., Inc v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 351-54 (1999). If a foreign corporation is served by certified or registered mail, North Carolina law requires that the plaintiff:

> mail[] a copy of the summons and of the complaint, registered or certified mail, return receipt requested, *addressed to the officer, director or agent to be served as specified in paragraphs a. and b.*

N.C.Gen.Stat. § 1-A, Rule 4(j)(6)(c) (emphasis added). Service is not effective when a plaintiff serves a corporate defendant by certified mail but fails to designate service upon an officer, director, or registered agent of the corporation. See Lee v. Winn Dixie Charlotte, Inc., ___ N.C. App. ___, 609 S.E.2d 456, 460 (March 15, 2005). A review of the summons reveals that Plaintiff did not direct her April 20, 2005 attempted service to an officer, director or registered agent of Stonebridge in contravention of N.C. Gen. Stat. § 1-A, Rule 4(j)(6)(c). Moreover, the affidavit of Carrie Mullins, submitted by Stonebridge, establishes that a member of Stonebridge's Plano, Texas mailroom personnel signed the certified mail receipt on behalf of Stonebridge. Thus, the Defendant has established that the April 20, 2005 attempted service was ineffective.

28 U.S.C. § 1446(b) provides that a notice of removal must "be filed within thirty days after the receipt by the defendant, *through service or otherwise*, of a copy of the initial pleading

---

[1] Plaintiff does not dispute that the diversity requirements of 28 U.S.C. § 1441 have been met.

setting forth the claim for relief." 28 U.S.C. § 1446(b) (emphasis added).  In <u>Murphy Bros., Inc v. Michetti Pipe Stringing, Inc.</u>, 526 U.S. 344 (1999), the United States Supreme Court rejected the so-called "receipt rule," which interprets § 1446(b) to start the thirty day time period for removal upon a party's receipt of a copy of the complaint, despite the absence of formal service.  <u>See</u> <u>also</u> <u>Triad Motorsports, LLC v. Pharbco Marketing Group, Inc.</u>, 104 F.Supp.2d 590, 594-95 n.3 (M.D.N.C. 2000) (citing <u>Murphy Bros.</u> for the proposition that a defendant's period for removal is to be no less than thirty days from service of process and recognizing the Supreme Court's rejection of the "receipt rule"); <u>Cline v. Fairbanks Capital Corp.</u>, 2004 WL 1146694, *1 (M.D.N.C. May 20, 2004).  Since Stonebridge was not properly served under North Carolina law until May 3, 2005, the thirty day time period for removal did not begin to run until that date. Thus, Stonebridge's May 26, 2005 removal was timely.

IT IS THEREFORE ORDERED that Plaintiff's Motion to Remand is hereby DENIED.

**Signed: August 24, 2005**

Graham C. Mullen
Chief United States District Judge