IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05CV243-MU

| | |
|---|---|
| CATHERINE BENNETT, individually, and CATHERINE BENNETT, as ADMINISTRATRIX OF THE ESTATE OF ARTHINEL BENNETT,<br><br>    Plaintiff,<br><br>vs.<br><br>STONEBRIDGE LIFE INSURANCE COMPANY,<br><br>    Defendant. | ORDER |

      This matter is before the court upon Plaintiff's Motion to Reconsider, and for Additional Findings of Fact. In a rather acrimonious tone, Plaintiff's counsel requests that the court reconsider its September 15, 2006 Order in which the court denied Plaintiff's Motion for Production of Documents in a 30(b)(6) Deposition and granted Defendant's Motion for a Protective Order. In its Order, the court noted that the Defendant had agreed to produce the documents identified at #'s 1, 2 and 3 of Plaintiff's Schedule of Documents, and that the remainder of the documents requested had either already been produced, do not exist according to the Defendant, or have already been the subject of Plaintiff's previous Motion to Compel, which was denied by the court.

      Plaintiff takes great issue with the court's statement that many of the documents requested had been the subject of a previous motion to compel production of documents. Plaintiff strenuously denies making such a motion and suggests that "[m]aybe the Court needs to

review the Plaintiff's Motions that have been previously filed in this case." The court *has* reviewed the Plaintiff's motions previously filed in this case. On February 2, 2006, the Plaintiff filed a document titled "Motion to Compel Answers to Interrogatories." Despite its label, the body of the motion repeatedly complains not only of Defendant's alleged failure to answer Interrogatories, but also to produce documents. For example, paragraphs 31 through 41 specify which documents were not produced by Defendants. Paragraph 42 states that "[t]he Defendants have gone out of their way not to answer, and stonewall on all the Interrogatories and Requests for Production of Document [sic]." In Paragraph 43 of the motion, Plaintiff states that she "has had to file this Motion to Compel the Defendants to answer the Interrogatories and Requests for Production of Documents." The court naturally interpreted this motion as one to compel both answers to Interrogatories and production of documents. Perhaps Plaintiff's counsel is the one who needs to review the motions he has previously filed in this case.

The Plaintiff also apparently takes issue with the court's finding in its September 15 Order that many of the documents requested by the Plaintiff do not exist. The Plaintiff complains that the court is "taking what the Defendant says at face value." If Defendant's counsel, as an officer of the court, represents to this court that certain documents do not exist, the court must accept that statement as true, unless the court has reason to believe otherwise. Moreover, the September 15 Order specifically stated that the documents "do not exist *as represented by the Defendant*." Perhaps Plaintiff's counsel should read the court's Orders more carefully.

Plaintiff also appears to be confused about why the court granted Defendant's Motion for Protective Order when "Defendant never made a Motion for a Protective Order." If Plaintiff's counsel will read document # 52, filed September 5, 2006, entitled "Defendant's Response to

Plaintiff's Motion for Production of Documents in a 30(b)(6) Deposition *and Motion for Protective Order*" he will discover that in fact Defendant did move for a Protective Order.

It appears to the court that this relatively simple insurance case has been the subject of far too many discovery disputes. Moreover, the court is tiring of having to address issues that have already been addressed by this court in two previous orders.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Reconsideration is hereby DENIED.

Signed: November 9, 2006

Graham C. Mullen
United States District Judge